Per Curiam.

First, petitioner urges that his conviction was invalid because no warrant for his arrest was issued. However, *29 petitioner does not question the validity of the arrest and admits that the officer had probable cause to make the arrest. Therefore, no warrant was necessary.
Next, petitioner claims that his conviction was the result of illegally obtained evidence, in that no search warrant was ever issued. Petitioner in the instant case pleaded guilty. Thus, there was no trial and no evidence was introduced. Even if the state had illegally obtained evidence in its possession, where such evidence is not used, the mere possession thereof by the state does not invalidate the conviction. Villasino v. Maxwell, Warden, 174 Ohio St., 483; Churchill v. Haskins, Supt., 176 Ohio St., 183.
Petitioner contends also that his rights were violated because he was charged with two offenses arising out of a single transaction, and that the prosecuting attorney should have been required to elect as to which of the two offenses he would prosecute. Petitioner in essence in this argument is charging double jeopardy. This is a matter of defense which must be raised in the first instance in the trial court and by appeal; it does not constitute a ground for release by habeas corpus. Vertz v. Sacks, Warden, 173 Ohio St., 459; Maloney v. Maxwell, Warden, 174 Ohio St., 84.
Finally, petitioner urges that he had inadequate and incompetent counsel. Such questions are not cognizable in habeas corpus but can be raised only by appeal. Rodriguez v. Sacks, Warden, 173 Ohio St., 456.

Petitioner remanded to custody.

Taft, O. J., Zimmerman, Matthias, O’Neill, Grieeith, Herbert and Gibson, JJ., concur.